Tom **BINGHAM; Jim Churcich; Roberto P. Estrada; Leon Toyias,** Plaintiffs—Appellants,

v.

**BOEING COMPANY, a Delaware corporation; McDonnell Douglas Corporation, a Maryland corporation; International Union United Automobile**

Aerospace & Agriculture Implement Workers of America & Uaw Local 148, Long Beach, CA, Defendants—Appellees.

No. 02–55862.

D.C. No. CV–01–01449–CBM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Decided March 26, 2003.

Before PREGERSON, REINHARDT, and ARCHER, Circuit Judges.*

## MEMORANDUM **

Plaintiffs Bingham, Churcich, Estrada and Toyias appeal the district court's grant of summary judgment for defendants in their action alleging breach of duty of fair representation by Local 148 and breach of contract by Boeing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Plaintiffs contend Local 148 breached its duty of fair representation by acting arbitrarily in failing to properly investigate their grievances and ultimately refusing to arbitrate their grievances. We review de novo the district court's grant of summary judgment. *Weiner v. San Diego*, 210 F.3d 1025, 1028 (9th Cir.2000).

We will only find that a union has acted arbitrarily in its representation of its mem-

---

* The Honorable Glenn L. Archer, Jr., Senior Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

bers if its behavior falls outside a "wide range of reasonableness." *Air Line Pilots Ass'n. Int'l v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991). Thus, we generally will not challenge a union's reasoned interpretations of a collective bargaining agreement. *Peterson v. Kennedy,* 771 F.2d 1244, 1254 (9th Cir.1985). Further, where resolution of a grievance rests largely on contract interpretation, a minimal level of investigation by the union may suffice to satisfy its duty of fair representation. *Evangelista v. Inlandboatmen's Union,* 777 F.2d 1390, 1395–96 (9th Cir.1985).

Defendant Local 148's decision to settle plaintiffs' grievances rested on a reasoned interpretation of the collective bargaining agreement. Because plaintiffs fail to raise a triable issue of fact that Local 148's conduct was arbitrary in its investigation of their grievances and in its decision to settle their grievances, the district court properly granted summary judgment on their duty of fair representation claim. *See Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Conkle v. Jeong,* 73 F.3d 909, 915–16 (9th Cir.1995).

Because Plaintiffs fail in their claim against Local 148, their claim for breach of contract against Boeing fails as a matter of law. *Conkle,* 73 F.3d at 916–17.

AFFIRMED.